UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

VICKIE WELCH, ET AL                      CIVIL ACTION NO. 10-cv-1200

VERSUS                                   JUDGE HICKS

AMERICAN FAMILY MUTUAL                   MAGISTRATE JUDGE HORNSBY
INSURANCE CO., ET AL

**MEMORANDUM ORDER**

Vickie and Michael Welch, citizens of Louisiana, filed suit in state court for recovery of personal injury damages. The defendants removed the case based on an assertion of diversity jurisdiction. Defendants represent that they are citizens of Wisconsin, Oklahoma, and Illinois.

Before the court is a **Motion for Leave to File Intervention (Doc. 5)** by which LEMIC, Louisiana Mutual Insurance Company seeks to intervene and recover worker's compensation benefits paid to Vickie Welch as a result of the work-related accident. LEMIC describes itself only as "a Louisiana mutual insurance company."

There must be diversity of citizenship between the worker's compensation intervenor and the defendants in the case. Dushane v. Gallagher Kaiser Corp., 2005 WL 1959151 (W.D. La. 2005). The proposed complaint in intervention does not adequately describe LEMIC's citizenship to determine whether the court may exercise jurisdiction over the proposed intervention. Accordingly, the Motion for Leave to File Intervention (Doc. 5) is

**denied without prejudice** to the right of LEMIC to assert the motion again, provided the proposed complaint in intervention sets forth its citizenship with specificity.

If LEMIC is a corporation, it will need to state with specificity (1) the state in which it is incorporated, and (2) the state in which it has its principal place of business. If LEMIC is another form of entity, such as an unincorporated association, it will have to allege its citizenship with specificity in accordance with the rules applicable to that form of entity. Some insurance companies are not corporations and, rather, are unincorporated associations that require consideration of the citizenship of every member. Some such companies have members residing in all 50 states so that diversity is never possible. See e.g., Norton v. Gurley, 2000 WL 1408168 (E.D. La. 2000). If LEMIC renews its motion, it should take care to ascertain and allege with specificity what form of legal entity the insurer takes.

LEMIC will be allowed until **October 15, 2010** to renew its motion. If it does not do so by that date, the court will set a scheduling conference and proceed with the litigation without LEMIC.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 24th day of September, 2010.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE